# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| LANXESS CORPORATION  <br><br>　　　　　　　Plaintiff,  <br><br>　　　　v.  <br><br>UNITED STATES,  <br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)　Court No. 23-00073<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, LANXESS Corporation (hereinafter "Plaintiff" or "LANXESS"), hereby alleges and states as follows:

### I.　JURISDICTION STATEMENT

1. Plaintiff brings this action against Defendant the United States of America ("Defendant" or "United States") to contest the denial of two administrative protests by U.S. Customs and Border Protection ("CBP"), #1401-21-106422 and #1303-21-103455, under Section 515 of the Tariff Act of 1930, as amended (19 U.S.C. § 1515). ECF No. 7-1 at 14-71 ("two protests"). The two protests and summons were timely filed. This Court therefore holds subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

### II.　STANDING OF PLAINTIFF

2. Plaintiff, LANXESS (importer number 26-008195000), was the importer of record of protest #1401-21-106422 and is also the legal successor to LANXESS Solutions US Inc. (importer number 52-218315300), the importer of record of protest #1303-21-103455, both

covering the merchandise AXION CA 1330. LANXESS Solutions US Inc. (formerly Chemtura Corp., which was acquired by LANXESS AG in 2017) was merged into LANXESS.

3. Plaintiff paid all applicable duties, taxes, and fees owed on liquidation of its entries, and instructed its attorneys to file protests on its behalf to seek duty refunds pursuant to section 514 of the Tariff Act of 1930, 19 U.S.C. § 1514.

4. Plaintiff has standing in this action pursuant to 28 U.S.C. §§ 2631(a) and 2636.

### III.   TIMELINESS OF THIS ACTION

5. Plaintiff timely filed the two protests on November 17, 2021, to contest the tariff classification of AXION CA 1330, an organometallic used as a catalyst. CBP denied the two protests on October 4, 2022. ECF No. 7-1 at 9-10.

6. Plaintiff filed a timely summons on March 31, 2023, within 180 days of the denial. ECF No. 1.

### IV.   STATEMENT OF FACTS

#### a. Product Description

7. AXION CA 1330 is an organometallic used as a catalyst. *See* Material Safety Data Sheet at ECF No. 7-1 at 26-45.

8. It is composed of 50%-70% toluene (CAS-No 108-88-3), 30-50% methylaluminoxane (CAS-No 308062-01-3) and 1-5% trimethylaluminium. *Id.*

9. As an organometallic product, it contains a mixture of molecules consisting of aluminum, oxygen, carbon, and hydrogen in a toluene solvent.

10. As an "organometallic" compound, AXION CA 1330 contains a metal atom (aluminum) bonded to at least one hydrocarbon group and has a metal-carbon bond.

11. AXION CA 1330 is used exclusively to accelerate certain chemical processes. All of Plaintiff's customers use the subject product as a part of a supported catalyst system.

12. Plaintiff asserts that AXION CA 1330 should be classified as a supported catalyst under item 3815.19.00, HTSUS, as "Reaction initiators, reaction accelerators and catalytic preparations, not elsewhere specified or included: Supported catalysts: Other", subject to a general duty-free rate, rather than under item 3208.90.00, HTSUS, as "Paints and varnishes (including enamels and lacquers) based on synthetic polymers or chemically modified natural polymers, dispersed or dissolved in a nonaqueous medium; solutions as defined in note 4 to this chapter: Others" subject to a 3.2% duty.

### b. Administrative History

13. Plaintiff (including its predecessor) imported AXION CA 1330 from June 24, 2020 to November 27, 2020 under item 3208.90.0000, HTSUS.

14. Plaintiff timely filed the two protests on November 17, 2021, to contest the tariff classification of AXION CA 1330. The protests requested "further review." *Id.* at 15, 17.

15. CBP denied the two protests on October 4, 2022. *Id.* at 9-10.

16. CBP also denied further review. *Id.* at 7-1 at 3-4.

17. CBP denied the two protests based on New York Ruling Letter (NY) N128896 (November 10, 2010), which classified "Eurecen AL 5100-10 Methylaluminoxane in Toluene and Eurecen AL 5100/30 Methylaluminoxane in Toluene" in item 3208.90.0000, HTSUS. The protest denial merely stated: "Prior Ruling - Ruling N128896 (Chemtura Corporation - 11/10/2010) places Methylaluminoxane and Toluene in 3208.90.0000 as entered." *Id.* at 9-10.

18. On October 28, 2022, Plaintiff filed a request to set aside denial of the application for further review ("AFR") and to void denial of the protests. ECF No. 7-2 at 5-7. The Center of

Excellence and Expertise ("CEE") forwarded the protest to CBP Headquarters ("HQ") for further review in January 2023. As the CEE took more than 60 days to forward the request to set aside the AFR denial to CBP HQ, CBP HQ determined that the application to set aside denial of the AFR was deemed denied. *See* H329428 (January 19, 2023). *Id.* at 72-74.

19. As the CEE had ultimately forwarded the matter to CBP HQ, Plaintiff's counsel spoke with relevant CBP HQ attorneys on January 31, 2023, to learn what CBP HQ planned to do. As a result of this discussion, Plaintiff understands that based on the composition of AXION CA 1330, CBP HQ agrees that HTSUS heading 3208 is not the correct classification for AXION CA 1330.

20. CBP HQ was prevented by law from deciding the classification issue because the CEE took too long to submit Plaintiff's protests to CBP HQ for further review.

21. Plaintiff's counsel discussed with CBP HQ about how to get the issue before CBP HQ most efficiently, which resulted in this complaint.

22. Plaintiff filed a timely summons on March 31, 2023, within 180 days of the denial. ECF No. 1.

V.   **STATEMENT OF CLAIMS**

23. Plaintiff submits that AXION CA 1330 clearly cannot be classified under heading 3208, HTSUS, as it does not meet the description of the provision. Rather, it is properly classified as a supported catalyst under item 3815.19.00, HTSUS.

**Count I**

24. AXION CA 1330 is clearly not described by HTSUS Heading 3802.

25. Item 3208.90.0000, HTSUS, provides for 2 categories of merchandise: "*Paints and varnishes…; solutions as defined in note 4 to this chapter*: other."

26. AXION CA is not a paint or a varnish.

27. AXION CA 1330 is also not a "solution as defined in Note 4" to Chapter 32.

28. Note 4 to Chapter 32 reads -- "solutions (other than collodions) consisting of any of the products specified in headings 3901 to 3913 in volatile organic solvents when the weight of the solvent exceeds 50 percent of the weight of the solution."

29. The products specified in headings 3901 to 3913 are as follows:

>3901: Polymers of ethylene, in primary forms
>3902: Polymers of propylene or of other olefins, in primary forms
>3903: Polymers of styrene, in primary forms:
>3904: Polymers of vinyl chloride or of other halogenated olefins, in primary forms
>3905: Polymers of vinyl acetate or of other vinyl esters, in primary forms; other vinyl polymers in primary forms
>3906: Acrylic polymers in primary forms:
>3907: Polyacetals, other polyethers and epoxide resins, in primary forms; polycarbonates, alkyd resins, polyallyl esters and other polyesters, in primary forms
>3908: Polyamides in primary forms
>3909: Amino-resins, phenolic resins and polyurethanes, in primary forms
>3910: Silicones in primary forms
>3911: Petroleum resins, coumarone-indene resins, polyterpenes, polysulfides, polysulfones and other products specified in note 3 to this chapter, not elsewhere specified or included, in primary forms
>3912: Cellulose and its chemical derivatives, not elsewhere specified or included, in primary forms
>3913: Natural polymers (for example, alginic acid) and modified natural polymers (for example, hardened proteins, chemical derivatives of natural rubber), not elsewhere specified or included, in primary forms

30. AXION CA1330 does not consist of any of these products.

31. Instead, Axion CA consists primarily of methylauminoxane in toluene.

32. Methylauminoxane is not classified in headings 3901 – 3913, HTSUS, but is classified under item 2931.90.9051, HTSUS, consistent with the Explanatory Note (8) for heading 2931.

33.     Thus, subheading 3802.90, HTSUS, cannot apply because the components of AXION CA 1330 are not substances listed in HTSUS headings 3901 to 3913, as required by Note 4 to Chapter 32.  (Toluene is the solvent, so its classification is not relevant.)

### Count II

34.     AXION CA 1330 is described in Heading 3915, HTSUS.

35.     AXION CA 1330 is used exclusively as a catalyst.

36.     Item 3815.19.0000, HTSUS, provides for "Reaction initiators, reaction accelerators and catalytic preparations, not elsewhere specified or included: Supported catalysts: Other" subject to a general duty-free rate.

37.     The Explanatory Notes ("EN") for heading 3815 state that heading 3815 specifically covers catalysts.[1]  This is consistent with the text of HTSUS heading 3815, which enumerates supported catalysts.  As a catalyst, AXION CA 1330 is described by heading 3815.

38.     Accordingly, classification of the subject merchandise under item 3208.90.0000, HTSUS, based on N128896 is inconsistent with the HTSUS.  AXION CA 1330 is used exclusively as part of a catalytic preparation, so classification under item 3815.19.0000, HTSUS, is correct.

VI.     **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the entry of a judgment

(1) Finding that AXION CA 1330 is properly classified under subheading 3815.19.00, HTSUS,

---

[1] *This heading covers preparations which initiate or accelerate certain chemical processes. Products which retard these processes are not included. These preparations fall broadly into two groups.*
*(a) Those of the first group are, in general, composed either of one or more active substances deposited on a support (known as "supported catalysts") or of mixtures with a basis of active substances. In the majority of cases, these active substances are certain metals, metallic oxides, other metallic compounds or mixtures thereof. (…)*

(2) finding that Customs erroneously denied the two protests 1401-21-106422 and 1303-21-103455

(3) ordering Customs to reliquidate all associated entries and to calculate duties based on the classification of the goods as supported by the reasons set forth *supra*,

(4) ordering the refund of all duties paid in excess, together with interest accruing thereon, and

(5) granting other relief as the Court may deem necessary and proper.

                        Respectfully submitted,

/*s/ Ken Weigel*
Kenneth G. Weigel
Brian Frey
BJ Shannon
Lucas Queiroz Pires
ALSTON & BIRD LLP
950 F St N.W.
Washington D.C. 20004
(202) 239-3490
Brian.Frey@alston.com
*Counsel to LANXESS*

Dated: August 21, 2023